Stokes afterwards recovered judgment and execution on the said bond against the said Nathaniel, the principal, and the complainant and the defendants, the sureties. The fieri facias was returnable to May Court, 1810, levied on Shepherd's property, and Shepherd paid the execution, viz., £ 107 1 1 1/2. Williams, the principal, is insolvent. *Page 323 
The end of this bill is to compel the defendants, who were cosureties for Williams, with the complainant, to contribute their proportionable parts of the said debt and the costs and expenses thereby incurred and paid by the complainant.
The defendants have been duly served with process, etc., and are all in contempt for want of answering, and the bill is taken pro confesso, absolutely, against all of them, and the cause held for hearing exparte at the next term. And now, at this (May) term, 1816, (428) a motion is made by the counsel of Monroe to dismiss the bill for want of equity. To which the complainant's counsel objects, (1) because it is not regular or proper to dismiss for such a cause, on motion, and it is too late even to demur, and a fortiori to move to dismiss; (2) that there is equity in the bill, and the remedy lately given at law does not take away or oust the chancery of its jurisdiction.
The questions, therefore, submitted are, (1) Can this bill, under its circumstances, be dismissed, on motion, at this time? (2) Is there equity to sustain the bill?
Before 1807 it was thought a bill in equity was the only remedy a party could have to obtain his right in a case like the present. In that year the Legislature passed an act giving an action at law; but on examining the act, we do not discover the Legislature intended to oust the court of chancery of its jurisdiction altogether, for there are no negative words in the act. We are, therefore, of opinion that this Court has concurrent jurisdiction with a court of law. In England, courts of law have sustained actions, of late, by one security against the other, when the principal has become insolvent; and we find authorities which say the court of chancery retains its jurisdiction is in such cases, notwithstanding. Coop. Plead., 142; 5 Vesey, 792; 8 Vesey, 312.
The motion to dismiss the bill is overruled. It is unnecessary to decide the other point in the cause.
Cited: McRary v. Fries, 57 N.C. 237.
(429)